E,

1  Daniel Tutman
2  c/o 5066 Bonnie Branch Rd
   Ellicott City Md 21043

4  Sui Juris

SUPERIOR COURT OF THE STATE OF MARYLAND

COUNTY OF HOWARD

| | |
|---|---|
| DANIEL TUTMAN, | Case No. Case #]; 13C10 83217 |
| Plaintiff, | VERIFIED COMPLAINT FOR MONEY LENT, BREACH OF CONTRACT, VIOLATIONS OF TRUTH IN LENDING LAW; |
| vs. | |
| COUNTRYWIDE BANK /Bank of America/ FSB, Loan#179612071 | |
| Defendant. Bank of America | Exhibits/Attachments: BANK INVOICE. |

450 America St
Simi Valley, Ca 93062

### VERIFIED COMPLAINT

#### Introductory Certification

From the soil of [State], [Name], the undersigned affiant, hereinafter "Plaintiff," as a living, sentient man functioning with unlimited liability, and as a holder of the sovereign political power in accordance with the Constitution of the State of MARYLAND and the Unanimous Declaration ("Declaration of Independence") of 1776, speaking for and as the authorized representative of DANIEL TUTMAN, hereinafter "Plaintiff," does hereby solemnly swear, declare, and state that:

1. Plaintiff can competently state the matters set forth herewith.
2. Plaintiff has personal knowledge of the facts stated herein.
3. All the facts stated herein are true, correct, complete, and certain, admissible as evidence, and not misleading in accordance with Plaintiff's sincerely held spiritual

convictions and creed.

## Plain Statement of Facts

Plaintiff sues Defendant, COUNTRYWIDE BANK FSB, and alleges:

4. Jurisdiction and venue are proper.
5. This is an action for damages that exceeds $10,000.00, excluding interest, costs, and attorneys fees.
6. On the date of 10/19/067, Plaintiff deposited $238,200.00 with Defendant, in the form of and as evidenced by "NOTE SECURED BY DEED OF TRUST," Exhibit A.
7. Plaintiff is the depositor in this transaction.
8. Defendant disregards the fact that Plaintiff is the depositor in the transaction.
9. Defendant must provide Plaintiff with all documents subpoenaed by the Subpoena Duces Tecum, attached herewith and incorporated in by reference, by sending a copy of each original document, sworn under penalty of perjury and notarized as a certified, true copy of the original, in lieu of personal appearance, in a manner that Plaintiff receives said documents within thirty (30) days of the date of Complaint.
10. All questions posed in the Interrogatories, attached herewith and incorporated herein by reference, must be answered by two authorized officers of COUNTRYWIDE BANK FSB, with personal and corporate responsibility, notarized.

## COUNT I - MONEY LENT

11. Plaintiff demands that Defendant validate Defendant's actions against Plaintiff, *vide*, Exhibits B-1, B-2, B-3, B-4 [All Verification of Debt Notices, Dates, Means Sent].
12. Plaintiff alleges that Defendant owes Plaintiff for Note, i.e., $238,200.00, plus interest for the use of Plaintiff's money, plus damages consisting of all sums Plaintiff erroneously paid Defendant for Plaintiff's lending Defendant Plaintiff's

money, plus other compensatory damages as the court may decide, plus reasonable attorney's fees.

13. WHEREFORE Plaintiff demands judgment for damages against Defendant.

## COUNT II - BREACH OF CONTRACT

14. Plaintiff re-states and incorporates all prior paragraphs hereof as if fully set forth herewith.

15. Plaintiff brings action against Defendant for breach of contract on the basis of Defendant taking, retaining, and using Plaintiff's Note, an asset-based negotiable instrument, and never paying Plaintiff for use of Plaintiff's Note. Plaintiff placed Plaintiff's Note, i.e. funds and capital used for funding the alleged loan, i.e., Escrow Loan No 179612071, hereinafter "Alleged Loan," on deposit with Defendant, and Defendant neither paid Plaintiff for Note nor paid Plaintiff the interest Defendant owes Plaintiff for the use of Plaintiff's Note/funds/deposit.

16. Plaintiff alleges that Plaintiff owes Defendant no debt, since Defendant made Plaintiff no loan, and has demanded that Defendant validate Defendant's actions against Plaintiff, vide, Exhibit B, by verifying the alleged debt re Alleged Loan, and Defendant has never provided Plaintiff with said validation/verification.

17. The fact that Defendant has provided Plaintiff with no validation/verification of the validity of Alleged Loan, after express demands for verification by Plaintiff, may be deemed as Defendant's tacit agreement and stipulation that Defendant made Plaintiff no loan and is thereby devoid of basis for asserting any claim against any interests of Plaintiff on the basis of Alleged Loan.

18. Plaintiff therefore demands herewith that Defendant verify that Defendant lent Plaintiff funds that were the property of Defendant, and verifiably on deposit as the property of Defendant before execution of Alleged Loan, and that Defendant did not "lend" Plaintiff Plaintiff's own funds by depositing Note in a demand deposit account, hereinafter "DDA," and, in effect, drawing a check against Note, as described in [For instance, Exhibit B-1, pages 1 and 2, i.e., § B., 5. d.]:

    d. Concerning the origin of all alleged debt implied by presentment, the Undersigned asserts that inspection of Bank's books verifies the accounting event re the purported origin of alleged debt, i.e., loan No. 179612071, consists of an <u>increase,</u> rather then a <u>decrease,</u> of offsetting assets and liabilities on Bank's accounting records, thereby proving that:

        1. The source of capital used for funding the alleged loan implied by Presentment is not Bank, but is in fact a promissory note of Purported Debtor, whereby Purported Debtor, not Bank, is the source of the funds used by Bank for making the alleged loan from which Presentment purportedly derives;

        2. Bank endorsed Purported Debtor's promissory note—a negotiable instrument and the source of the funding of the "loan"—placed said promissory note on deposit in a transaction account in Bank, withdrew funds from said account (provided by deposit of Purported Debtor's promissory note), and used said funds for making the alleged loan, whereby:

            i) The true lender re alleged loan is Purported Debtor, not Bank, i.e. Purported debtor lent bank funds, nor the reverse;

            ii) Bank returned purported Debtor purported Debtor's own funds, in a different form of currency than the funds of Purported Debtor that bank placed on deposit, calling said exchange a "loan" from Bank and charging interest on said "loan," with expenditure of neither cost, nor risk, nor valuable consideration by Bank;

            iii) By misrepresenting that Bank is the "lender" and Purported Debtor is the "borrower," the so-called "mortgage contract" between purported Debtor and Bank is misleading, deliberately conceals material fact in contract, obscures the fact that the true source of the funding of the alleged loan is Purported Debtor and not Bank while intentionally implying the opposite, and is therefore not a valid contract enforceable at law;

19. Defendant owes Plaintiff the value of the Note/funds/deposit as stated herein, plus interest on Plaintiff's loan, plus actual damages in the form of all sums Plaintiff paid Defendant on the erroneous basis that Defendant made Plaintiff a loan of Defendant's funds rather than the reverse, plus other compensatory damages as the court may decide, plus reasonable attorney's fees.

20. WHEREFORE Plaintiff demands judgment for damages against Defendant.

### COUNT III - VIOLATIONS OF TRUTH IN LENDING LAW

21. Plaintiff re-states and incorporates all prior paragraphs hereof as if fully set forth herewith.

22. Neither in the text of Note provided by Defendant, nor in the text of the mortgage agreement provided by Defendant, does Defendant disclose the material fact that

Plaintiff is the depositor and that the Defendant risked none of Defendant's assets in making Alleged Loan, nor did Defendant risk any assets of other depositors, whereby Plaintiff asserts that Defendant is devoid of all claim against Plaintiff as well as against Plaintiff's real property that is the subject of Alleged Loan. Said real property of Plaintiff, bearing address of 5066 BONNIE BRANCH Rd, is located in HOWARD County, MARYLAND and is more particularly identified as follows:

[Legal Description].

23. The Truth in Lending Act, 12 CFR 226.17(c)(1), requires good faith and full disclosure in all retail contracts; neither the text of Note, nor the text of the mortgage contract, nor the text of the deed of trust, nor the text of any other document provided by Defendant re Alleged Loan, discloses the material facts that 1) the actual lender re Alleged Loan is Plaintiff, i.e., the source of the funds used for funding Alleged Loan consists of Plaintiff's Note; 2) Defendant lent Plaintiff nothing of Defendant's, i.e., no valuable consideration sufficient for supporting a simple contract; 3) Plaintiff owes Defendant no debt re Alleged Loan; and 4) Defendant owes Plaintiff for Plaintiff's deposit of $238,200.00 and interest for Defendant's use of Note.

24. Defendant has refused all demands that Defendant validate Defendant's actions in this matter.

25. In accordance with the foregoing Plaintiff alleges that Note and mortgage agreements re Alleged Loan are null and void on the basis of non-disclosure of the above-referenced material facts in said documents, and that Defendant owes Plaintiff the value of Note as stated herein, plus damages consisting of all sums Plaintiff erroneously paid Defendant for Plaintiff's lending Defendant Plaintiff's money, plus other compensatory damages as the court may decide, plus reasonable attorney's fees.

26. WHEREFORE Plaintiff demands judgment for damages against Defendant.

## Rebuttal Requirements

27. In accordance with the commercial maxims, "An unrebutted affidavit stands as the truth in commerce," and "An unrebutted affidavit becomes the judgment of the law," Plaintiff herewith asserts that the one and only means whereby Defendant can invalidate Complaint is by point-for-point rebuttal of Complaint by counteraffidavit executed by Defendant under oath, sworn true, correct, and complete, and that each and every point set forth herein that is not thus rebutted stands as the truth, the judgment of the law, and Defendant's stipulation concerning said unrebutted point.

28. In the event Defendant does not provide Plaintiff, within thirty (30) days of the date of Complaint, with 1) point-for-point rebuttal of Complaint under counteraffidavit sworn true, correct, and complete; 2) a copy of the original of each subpoenaed document, certified, sworn, and notarized by Defendant as a certified, true copy of the original of each document; and 3) complete and accurate answers concerning each questions set forth in the attached Interrogatories, Defendant is deemed as in default and as stipulating that 1) each and every unrebutted point stands as the truth and the judgment of the law; 2) no subpoenaed document exists concerning which a certified, true copy of the original is not provided; and, 3) each question in Interrogatories that is not completely and accurately answered is stipulated by Defendant as being decided in favor of Plaintiff.

29. Non-compliance with each and every requirement and demand set forth herein constitutes authorization for issuance of a judgment against Defendant.

## Verification

30. The undersigned, i.e., Plaintiff, herewith swears, declares, and affirms that Plaintiff issues Complaint with sincere intent, possess competence for stating the matters set forth herein, and declares, upon Plaintiff's unlimited commercial liability and under penalties of perjury, that the contents are true, correct, complete, and

certain, admissible as evidence, and not misleading in accordance with Plaintiff's sincerely held spiritual convictions and creed.

Signed and sealed:                                                                 Dated: 6/25/2010

*[signature]*
DANIEL TUTMAN
5066 BONNIE BRANCH
ELLICOTT CITY MD 21043

Plaintiff's right thumbprint

State of Maryland         )
                          )   ss.
County of HOWARD          )

On ___25th___, 2010, before me, __Miguel Zayas__, Notary Public, appeared Daniel Tutman, who proved on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument he executed the instrument.

Witness my hand and official seal.

_____*[signature]*_____
SIGNATURE OF NOTARY
My commission expires _____

> MIGUEL ZAYAS
> Notary Public
> Anne Arundel County
> Maryland
> My Commission Expires Jan 18, 2014

VSA 00001001          Non-Negotiable---Private Between the Parties          6/10/10

## INVOICE
### VERIFIED STATEMENT OF ACCOUNT

BANK OF AMERICA:

    BRENDA K SMITH
    COUNTRYWIDE BANK FSB
    PO BOX 660694,DALLAS,TX 75266-0694

Kind of Damages: Invoice for money owed.

**AMOUNT DUE: TWO-HUNDRED THIRTY EIGHT THOUSAND AND TWO HUNDRED Dollars ($ ) + Interest at 10% per annum commencing thirty (30) days from date of Invoice.**

Re: Attached Presentment of Debtor concerning Loan No. 179612071

On October 19,2007, Daniel Tutman, hereinafter "Creditor," deposited funds in the amount of $238,200.00 with COUNTRYWIDE BANK FSB, as signified and evidenced by Creditor's promissory note, hereinafter "Note," a substance-based negotiable instrument re "Loan No. 179612071"; Debtor has never paid Creditor for Note, i.e., loan/deposit/funds, nor for interest for use of Note, while relating with Creditor as if Creditor were a debtor rather than the creditor re Note. Wherefore, Debtor owes Creditor the face amount of Note, plus interest for Debtor's use of Note, plus all sums Creditor erroneously paid Debtor on a non-existent debt, as follows:

| Debt | Amount of Debt |
|---|---|
| Principal | $238,200.00 |
| Interest: | 5.875% |
| Return of Payments: | $46436.76 Paid Bank to Date |
| Total: | $ 284,636.76 |

This bill is now due and payable. Payment in full is herewith demanded. Accumulation of interest, and penalties for continued wrongful collection of a non-existent debt derived from concealment of material fact in contract, will commence thirty (30) days from the date of this Invoice and continue thereafter until paid in full.

Make certified check or bank draft payable in favor of DANIEL TUTMAN and remit to:

    Daniel Tutman
    c/o 5066 Bonnie Branch
    Ellicott City,Md 21043

Note: Timely returning this form with payment limits increased interest charges. Creditor reserves the right for invoicing Debtor for additional damages and offenses not addressed by this Invoice.

The undersigned Creditor, Daniel Tutman, does herewith swear, declare, and affirm that Creditor has examined this Invoice and accompanying statements and documents, and, in accordance with the best of Creditor's knowledge and belief, this statement of account is true, correct, and complete. This declaration of Creditor is based on all information of which Creditor has knowledge.

Signed:

_____
Daniel Tutman, Creditor

Creditor's Right Thumbprint 

MIGUEL ZAYAS
Notary Public
Anne Arundel County
Maryland
My Commission Expires Jan 18, 2014

MIGUEL ZAYAS
Notary Public
Anne Arundel County
Maryland
My Commission Expires Jan 18, 2014

## Specific Power of Attorney

KNOW ALL MEN BY THESE PRESENTS, THAT [Daniel D. B. Tutman], hereinafter "Grantor," autographing herewith as the authorized representative of [DANIEL D. B. TUTMAN], hereinafter "Principal," whose contact details are set forth hereunder, does herewith make, constitute, and appoint [H.Vaughn Jones], hereinafter "Agent," as Principal's true and lawful agent and attorney in fact, to act with the following specific powers, to wit:

Upon proper written instruction from Principal, Agent may undertake all action and every thing and act whatsoever necessary on Principal's behalf relative to that certain Client Mortgage Services Agreement and Exhibits and Addenda thereto, hereinafter "Agreement," concerning that certain real property located at 5066 BONNIE BRANCH RD,ELLICOTT CITY,MD 21043 and the mortgage thereon, further defined as alleged loan account number: [179612071]. Agreement, which was knowingly, intentionally, and voluntarily entered into by Principal on or about the 1day of July, 2010, is attached herewith, incorporated herein by reference, and made fully part hereof.

The powers delegated to Agent include, but are limited to, the following:

1. To research, investigate, discuss, obtain, and demand information and documents of all kinds whatsoever, from all sources whatsoever, that Agent deems necessary to determine the validity of the within referenced mortgage(s);

2. To require financial institutions "Lenders(s)," and third parties related thereto, to correct billing errors in accordance with the mandates of the *Fair Credit Debt Collection Act*, 15 USC §§ 1692 *et seq.*; the *Federal Truth in Lending Act* (Regulation Z), 15 USC §§ 1601, *et seq.*, & 12 CFR 226.13; the *Fair Credit Billing Act*, 15 USC § 1637; *Consumer Credit Protection Act*, 15 USC Chapter 41; and the *Equal Credit Opportunity Act*, 15 USC §§ 1691-1691e;

3. Upon proper findings concerning "Mortgagor(s)," or third parties related thereto, engaged in improper or deceptive lending practices, to commence pre-judicial action to discharge all alleged obligations based upon such improper or deceptive lending practices;

4. Absent satisfactory resolution in the pre-judicial action enumerated in § 3, *supra*, to commence legal action against "Mortgagor(s)" in a court of proper jurisdiction, in the form of a Verified Complaint;

5. To subpoena, depose, and otherwise undertake all things necessary and requisite for obtaining a lawful determination favorable to Principal.

FURTHER, Principal authorizes Agent to acknowledge, accept, and deliver any instrument under seal or otherwise, and to do all things necessary to carry out the intent hereof, granting Agent full power and authority to act in and concerning the specific premises as fully and effectually as Principal may do personally in accordance with the provisions of this Specific Power of Attorney.

PROVIDED, however, that all business transacted hereunder for Principal or for Principal's account shall be transacted under Principal's name, and that all endorsements and instruments executed by Principal's said Agent for the purpose of carrying out the foregoing powers, shall contain Principal's name, followed by that of Agent as Principal's authorized representative and attorney in fact.

Principal FURTHER DECLARES that any act or thing lawfully done hereunder and within the powers enumerated herein by Agent shall be binding upon Grantor, Grantor's heirs, and all legal and personal representatives and assigns, whether the same shall be done either before or after Grantor's death.

Third parties may rely upon the representations of the Agent as to all matters relating to any power granted to said third parties hereunder, and no person who may act in reliance upon any representation or authority of Agent shall incur any liability to the Agent as a result of permitting the Agent to exercise any lawful power granted herein.

THIS SPECIFIC POWER OF ATTORNEY shall automatically self-terminate upon: 1) written notice from Grantor of termination; or 2) satisfaction of Agent's contractual obligations to Principal, whichever occurs first.

IN WITNESS WHEREOF, I have hereunto set Principal's hand and seal this 25 day of June, 2010.

PRINCIPAL: _DAN DB Tutman_
PRINT PRICIPAL'S NAME

By: _____
Autograph of Daniel D B. Tutman, Grantor

State of Maryland     )
                      ) ss     **ACKNOWLEDGEMENT**
County of HOWARD      )

Subscribed and sworn to before this agent, Miguel Zayas, a notary public in and for the County of Howard, State of Maryland, on this 25th day of June, 2010 by Daniel D B Tutman, who proved to this agent on the basis of satisfactory evidence that Daniel D B Tutman executes the within document, and swears, states, and declares that Daniel D B Tutman autographs said within document in capacity of being the living principal, attorney in fact, and authorized representative for, and any and all orthographic variations thereof.

Witness Principal's hand and official seal.

_____
                         Signature of Notary
My commission expires _____

```
MIGUEL ZAYAS
Notary Public
Anne Arundel County
Maryland
My Commission Expires Jan 18, 2014
```